# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00400-COA

THOMAS GRAYSON A/K/A THOMAS RYSHUN GRAYSON                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:              03/28/2023
TRIAL JUDGE:                   HON. MARK SHELDON DUNCAN
COURT FROM WHICH APPEALED:     NESHOBA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        OFFICE OF STATE PUBLIC DEFENDER
                               BY: ZAKIA BUTLER CHAMBERLAIN
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
DISTRICT ATTORNEY:             STEVEN SIMEON KILGORE
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   AFFIRMED - 07/23/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     On March 21, 2023, a Neshoba County Circuit Court jury convicted Thomas Grayson of aggravated assault. The trial court sentenced Grayson to twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and fifteen years to serve, followed by five years of post-release supervision. Grayson appeals his conviction, but his appellate counsel has filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), in which she asserts that she has searched the record but is unable to find any arguable issue for appellate review. Grayson was notified of the filing of the *Lindsey* brief and was given an opportunity to file a pro se supplemental brief, but he did not. We have conducted

an independent and thorough review of the record and find no arguable issues on appeal. Accordingly we affirm Grayson's conviction and sentence.

**Facts and Procedural History**

¶2.     On August 23, 2022, Grayson was indicted for aggravated assault for shooting Dquavion Marshall on May 16, 2021, at a local Wendy's.[1]  On August 30, 2022, Grayson pleaded not guilty and was appointed counsel, and his trial was set for the November 2022 term.  On November 2, 2022, Grayson waived his right to a trial within 270 days.[2]

¶3.     Grayson absconded, and on March 20, 2023, his $50,000 bond was forfeited. A warrant for his arrest was issued.  He was apprehended and tried on March 21, 2023.  During the trial, the victim, Marshall, testified that on the day of the shooting, he had purchased breakfast and was in his car near the Wendy's drive-through.  Marshall said that he and Charles Reed had previously had a disagreement about a woman.  Reed texted Marshall and Marshall told Reed that he was at the Wendy's.  Marshall said to prove his location, he sent Reed a picture that showed his food, his Wendy's cup, and Marshall's gun in the seat. Marshall said he intended no threat when he sent the picture.

¶4.     Reed came to the Wendy's and approached Marshall's vehicle with a gun.  Marshall stopped his car.  Reed retreated, but then Grayson, Reed's cousin (whom Marshall did not know) approached Marshall's car.  Marshall put the car into reverse and backed up.  Grayson

---

[1]  The initial indictment listed May 10, 2021, as the date of the shooting.  The indictment was later amended to reflect the correct date of May 16, 2021.

[2]   This Court interprets the agreed order that the parties signed as a waiver of Grayson's speedy trial rights under both state and federal law.

continued after him, went to the passenger side of Marshall's car, opened the door, and put a gun to Marshall's head. Marshall said he had a little "scar" from this, which is no longer there. Marshall said that he reached for the gun he had on his seat, and as he raised it, Grayson backed off and fired his gun, striking Marshall in the arm near the elbow. Marshall said he never pointed his gun at Grayson or shot back. But after being shown the statement he had given to the police, Marshall said that after Grayson shot him, Marshall dropped his gun, and it went off. Grayson then fled the scene, and Marshall drove himself to the hospital. He was transferred to the University of Mississippi Medical Center in Jackson where he underwent surgery to put a plate and screws into his arm. He identified a photograph taken of his injury at that time, which was entered into evidence without objection.

¶5. Philadelphia Police Staff Sergeant Brad Crocket testified that he responded to the dispatch call about the shooting. He encountered and arrested Grayson at the Burger King next door to the Wendy's. Officer Desmond Jones, who investigated the incident further by going to the hospital to interview Marshall, also testified. Jones said that he did not see any marks on Marshall's forehead at the time. Jones also went to the Wendy's to secure the surveillance video that had captured the incident. The video was admitted into evidence without objection and played for the jury. It was played again while Officer Jones identified the individuals and recounted what was happening. The video supports Marshall's account of the events, and both the State and the defense questioned Jones about it. Jones further testified that Marshall came to the station a few days after his release and gave an official statement.

3

¶6. After denying Grayson's motion for a directed verdict, Grayson chose not to testify and presented no witnesses in his defense. The trial court reviewed the proposed instructions and refused defense instruction numbers 9, 12, and 13 on self-defense. The court reasoned that although the State has the burden of proving that Grayson did not shoot Marshall in self-defense, there was no evidence to support a self-defense instruction. After being instructed, the jury deliberated and returned a unanimous verdict of guilty. On March 23, 2023, the trial court sentenced Grayson to twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and fifteen years to serve, followed by five years of post-release supervision.

¶7. On March 24, 2023, Grayson filed a motion for a new trial, claiming among other things that the verdict was against the overwhelming weight of the evidence and that the trial court made generic errors, such as "overruling the objections made by the defendant and granting the objections made by the State." On that same day, the trial court denied Grayson's motion. Grayson appealed on March 27, 2023.

¶8. On September 6, 2023, Grayson's appellate counsel filed a *Lindsey* brief and indicated that she found no arguable issues for appeal. On September 13, 2023, this Court noted the filing of the *Lindsey* brief and issued an order giving Grayson forty days to file a pro se supplemental brief and raise any issues he desired. The Clerk was directed to send a copy of the order to Grayson. Grayson did not file a pro se brief.

## Discussion

¶9. In *Lindsey*, the Mississippi Supreme Court set out the procedure to be followed when

4

appellate counsel does not believe there is any arguable issue on appeal.[3] Counsel must file a brief and certify that there are no arguable issues for appeal after he or she has thoroughly reviewed the record, including but not limited to (a) the reason for the defendant's arrest; (b) "any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing." *Lindsey*, 939 So. 2d at 748 (¶18). Counsel must send a copy of the brief to the defendant and inform him or her of the lack of appealable issues and notifying the defendant of the right to file a pro se brief. *Id.* If the defendant raises an arguable issue or should the appellate court discover any arguable issue in its review of the record, "the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." *Id*. After briefing is completed, the appellate court must consider the case on the merits. *Id*.

¶10.    In this case, Grayson's appellate counsel complied with *Lindsey*'s requirements. Counsel filed a brief in compliance with Rule 28 and stated she had "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Mr. Grayson's behalf in good faith for appellate review and upon conclusion had found none." Counsel's review included all

---

[3] In *Powe v. State*, 366 So. 3d 944, 945 (¶8) (Miss. Ct. App. 2023), we explained:

*Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18).

5

materials required by *Lindsey*.

¶11.    Grayson's appellate counsel sent him a copy of her brief and informed him that although she found no arguable issues in the record, Grayson had the right to file a pro se supplemental brief.  Counsel asked that Grayson be given forty days to do so.

¶12.    By order entered on September 13, 2023, this Court provided Grayson forty days from the date of the order to file an appellant's pro se supplemental brief if he so desired.  This Court directed the Clerk of Appellate Courts to send a copy of the order to Grayson, and the Clerk sent a copy of the appellate record as well that same day.  Grayson did not file a pro se brief.

¶13.    The Court has independently and thoroughly reviewed the record and finds no arguable issues that require supplemental briefing for review.  Accordingly, the trial court's judgment is affirmed.

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**